1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

          v.                      :    CRIMINAL NO. 1:CR-00-198
                                       CRIMINAL NO. 1:CR-00-350
DAVID ARTHUR LUCAS,               :    CRIMINAL NO. 1:CR-01-152
               Defendant               CRIMINAL NO. 1:CR-01-182
                                       (Judge Kane)

**FILED**
HARRISBURG, PA

MAY 1 4 2003

MARY E. D'ANDREA, CLERK
Per _____
         Deputy Clerk


TRANSCRIPT OF PROCEEDINGS

SENTENCING

Before:  Hon. Yvette Kane, Judge

Date:  April 12, 2002

Place:  Courtroom No. 4
        Federal Building
        Harrisburg, Pa.



COUNSEL PRESENT:

    DENNIS C. PFANNENSCHMIDT, Assistant U.S. Attorney

        For - Government

    JEFFREY S. HARK, Esquire

        For - Defendant


                              Monica L. Zamiska, RPR
                              Official Court Reporter

1    THE COURT:  Mr. Pfannenschmidt.

2    MR. PFANNENSCHMIDT:  Good morning, Your Honor.

3    THE COURT:  Mr. Hark.

4    MR. HARK:  Good morning, Your Honor.

5    MR. PFANNENSCHMIDT:  Your Honor, this is the matter

6  of the United States v. David Lucas.  Mr. Lucas had

7  previously pled guilty to five counts of bank robbery and

8  one count of firearm used in a crime of violence captioned to

9  four different numbers.  A presentence report has been

10  completed.  At this time there have been no objections noted.

11  Mr. Lucas is present for sentencing with his counsel Mr.

12  Hark.

13    THE COURT:  Thank you.  Mr. Hark, is there anything

14  you would like to present on behalf of Mr. Lucas?

15    MR. HARK:  Judge, the presentence report is

16  extensive and thorough.  I would just point out to Your Honor

17  that based on the consecutive nature under Count 2 of

18  indictment 01-182-01 that with the guidelines for the other

19  pleas of 292 months and 365 months and a consecutive term of

20  an additional 10 years, that I would request the Court move

21  on the side of the lower end of the guideline scale as a

22  result of that.  I understand the significant nature of the

23  offenses, my client's conduct, my client's conduct while

24  incarcerated and the victim impact statements are significant

25  and very weighty not just to the Court I hope but to me as

1    well.  My client accepts the responsibility for his acts.  He

2    did cooperate.  He did plead guilty without a trial.

3    Although there is no credit for that due to his subsequent

4    conduct, I would request the Court sentence him to 292 months

5    plus the mandatory consecutive term, as opposed to the 365

6    months, Your Honor.  I submit the defendant to the Court.

7             THE COURT:  All right.  Mr. Lucas, would you like

8    to speak?  You are allowed to say anything on your own behalf

9    that you wish.

10            THE DEFENDANT:   (Shook head back and forth.)

11            THE COURT:  Mr. Pfannenschmidt.

12            MR. PFANNENSCHMIDT:  I have nothing further to add,

13   Your Honor.

14            THE COURT:  All right.  Mr. Lucas, I hoped by this

15   point things would start to turn around a little for you.

16   You're in a hard place obviously, but it looks like from

17   everything I have read in the probation report you're making

18   your life harder.  I hope that you don't continue to do that.

19   This is a long, long time.  I think your lawyer is right with

20   the 10 year Hobbs Act that I have to give you, I don't have a

21   choice about that, and the 292 minimum, 292 months minimum

22   sentence on the other counts, that's over 34 years.  That's a

23   long time to be throwing things and fighting with people.  So

24   hopefully you can turn it around and keep yourself safe.

25            Pursuant to the Sentencing Reform Act of 1984 it's

1       the judgment of the Court that the defendant David Arthur

2       Lucas is hereby committed to the custody of the Bureau of

3       Prisons to be imprisoned for a term of 412 months.  This term

4       consists of 292 months on each of Counts 1 and 3 in case No.

5       1:CR-01-182-01 and the sole count in case 1:CR-00-350-01 and

6       240 months on each count in cases 1:CR-01-152-01 and

7       1:CR-00-198-01 to be serve concurrently.  On Count 2 of case

8       1:CR-00-182-01 the defendant is committed for a term of 120

9       months to run consecutive to the sentences imposed in cases

10      1:CR-01-152-01; 1:CR-01-182-01, Counts 1 and 3;

11      1:CR-00-350-01 and 1:CR-00-198-01.

12               The Court finds that the defendant has the ability

13      to pay restitution but not a fine.  Accordingly it is further

14      ordered that the defendant make restitution in the total

15      amount of $40,384.17 to the victims in the amounts and at the

16      addresses as set forth in the presentence report.  The

17      interest requirement is waived.  The defendant shall also pay

18      to the United States a special assessment of $100 on each

19      count for total assessments of $600.  Said sums shall be paid

20      through the Clerk of Court, are due immediately and are

21      payable during the period of incarceration with any balance

22      to be paid within 5 years of release from custody.

23               On release from custody the defendant shall be

24      placed on supervised release for a term of 5 years.  This

25      term consists of terms of 5 years on each of Counts 1 and 3

1    of cases 1:CR-01-182-01, 1:CR-00-350-01 and 3 years on cases

2    1:CR-01-152-01 and 1:CR-00-198-01 to be served concurrently.

3              Within 72 hours of release from the custody of the

4    Bureau of Prisons the defendant shall report in person to the

5    probation office in the district to which he is released.

6              While on supervised release the defendant shall

7    comply with the standard conditions that have been adopted by

8    the Court and with the following special conditions:  In view

9    of the defendant's economic circumstances the defendant shall

10   pay any balance of the restitution imposed by this judgment

11   which remains unpaid at the commencement of the term of

12   supervised release in minimum monthly installments of no less

13   than $100.  The defendant shall cooperate in the collection

14   of DNA as directed by the probation officer.  The defendant

15   shall submit to one drug test within 15 days of release from

16   custody and at least two periodic drug tests thereafter.

17             Mr. Lucas, you do have a right to appeal your

18   conviction if you believe that your guilty plea was somehow

19   unlawful or involuntary or that there was some other

20   fundamental defect in the proceedings that you did not waive

21   by entering your guilty plea.  You also have a statutory

22   right to appeal your sentence under certain circumstances,

23   particularly if you think the sentence I now imposed is

24   contrary to law.  With very few exceptions any notice of

25   appeal would have to be filed within 10 days after imposition

6

1    of sentence.

2          If you are not able to pay the costs of appeal, you

3    could apply for leave to appeal in forma pauperis, and if you

4    so request, the Clerk of Court would prepare and file a

5    notice of appeal on your behalf.

6          The basis for the sentence is as follows:  The

7    Court adopts the factual findings and guideline application

8    in the presentence report.  The fine is waived because of the

9    defendant's inability to pay.  The sentence is within the

10   guideline range, that range exceeeds 24 months, and the

11   sentence is imposed for the following reasons:  In

12   consideration of the mandatory consecutive 10 year term a

13   sentence at the low end of the range is believed sufficient

14   to satisfy sentencing objectives.

15         Anything else for the record in this case, counsel?

16         MR. PFANNENSCHMIDT:  No, Your Honor.

17         MR. HARK:  Your Honor, one thing, you indicated

18   within 72 hours of release he must present himself to a

19   parole office.  He has two detainers pending, one in Cape May

20   County and another one in Huntingdon County, Pennsylvania, so

21   I don't know that he is actually going to be able to:  (1) be

22   released and (2) be able to present himself for supervised

23   parole supervision enrollment.

24         THE COURT:  Mr. Pfannenschmidt, when do those

25   expire?

1          MR. PFANNENSCHMIDT:   I'm sorry?

2          THE COURT:   Would those not expire, those

3    detainers?

4          MR. PFANNENSCHMIDT:   I believe they are still

5    pending, Your Honor.   They would have to act on them.

6          THE COURT:   I mean in 34 years.

7          MR. PFANNENSCHMIDT:   Oh, I'm not sure what the

8    limit is, Your Honor.   I think there is a possibility that

9    they will be resolved long before.

10          THE COURT:   I would think.   Do you know?

11          MR. VOUGHT:   When a person is incarerated, the

12    Bureau of Prisons tries to clear up the matters.

13          MR. HARK:   Judge, I'll send a letter to the courts

14    indicating what the judgment of conviction was on these

15    matters, and I'm sure I will receive a copy of that, a

16    certified copy of that, that I would be able to send to them,

17    so maybe they -- and I will contact the prosecutor's office

18    and have them maybe administratively dismiss the matters.   I

19    attempted to do that previously, but there was --

20          THE COURT:   They were awaiting sentencing I'm sure.

21          MR. HARK:   Well, there was numerous matters in

22    numerous counties, and I was able to have some of the

23    prosecutors understand where we were going, but some county

24    prosecutors did not want to participate.

25          THE COURT:   All right, thank you.   We'll be in

1    recess.

2              MR. HARK:   Thank you, Your Honor.

3              (The proceedings concluded.)

4

5              I hereby certify that the proceedings and evidence

6    of the court are contained fully and accurately in the notes

7    taken by me on the sentencing of the within cause and that

8    this is a correct transcript of the same.

9                        *Monica L. Zamiska*

10                       Monica L. Zamiska, RPR

11                       Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25